UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03016-TWP-MPB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| CHRISTINA CONYERS, | ) | |
| C. TYLER, | ) | |
| BROGAN, | ) | |
| BAKER, | ) | |
| MEDICAL STAFF, | ) | |
| ARNOLD, | ) | |
| C. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING SECOND AMENDED COMPLAINT, DISMISSING CERTAIN CLAIMS, AND DIRECTING SERVICE OF PROCESS**

This matter is before the Court for screening on Plaintiff Matthew Bennett's ("Bennett") Second Amended Complaint. Bennett, and Indiana Department of Correction (IDOC) inmate, initiated this 42 U.S.C. § 1983 action on November 17, 2020, and paid an initial partial filing fee on January 4, 2021. (Dkt. 8). The Court now screens the Second Amended Complaint and makes the following rulings.

**I. Screening Standard**

Because Bennett is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a

complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.   The Second Amended Complaint

The second amended complaint names five IDOC officials as defendants: (1) Warden Dushan Zatecky; (2) unit team manager Arnold; (3) Lt. C. Jackson; (4) Officer Brogan; and (5) Officer C. Tyler. The second amended complaint does not name Christina Conyers, Medical Staff, or Baker as defendants.

The following allegations are set forth in the Second Amended Complaint. Bennett was assigned to protective custody but was not housed in the protective custody unit despite the fact that there were available cells in that unit. Instead he was housed with inmates who were not in protective custody. Lt. Jackson and unit team manager Arnold knew that Bennett was supposed to be in protective custody but was not housed in the protective custody unit. They did nothing to address the situation.

On January 27, 2020, another inmate, not on protective custody, assaulted Bennett with boiling liquid which burned Bennett's back and arm and caused scarring. Officers Brogan and Tyler were aware of the assault but did not call for medical assistance and left Bennett in his cell in severe pain. Over two hours later, Bennett was finally taken for medical treatment.

Bennett asserts that Warden Zatecky is responsible for the actions of his employees. As a result of the assault, Bennett experienced severe pain, scarring, and continues to suffer from anxiety. He seeks compensatory and punitive damages and declaratory and injunctive relief.

### III.  Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Warden Zatecky are **dismissed** for failure to state a claim upon which relief can be granted. Bennett states that the Warden is responsible for the actions of his employees, but he does not allege that the Warden was personally involved in, or was even aware of, his placement outside of protective custody or his assault. "The doctrine of *respondeat superior* is not applicable to § 1983 actions; to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right." *Childress v. Walker*, 787 F.3d 433, 437-38 (2015). "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation… A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Bennett's Eighth Amendment claims against unit team manager Arnold and Lt. Jackson for failing to house Bennett in protective custody and against Officers Brogan and Tyler for deliberate indifference to his medical needs, **shall proceed** as pleaded in the second amended complaint.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Bennett believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 19, 2021,** in which to identify those claims.

### IV.   Conclusion and Service of Process

The **clerk is directed** to terminate Dushan Zatecky, Christina Conyers, Medical Staff, and Baker as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to defendants Arnold, Jackson, Brogan, and Tyler in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the second amended complaint, dkt. [11], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 2/18/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW BENNETT
988730
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to:

UTM Arnold
Lt. Jackson
Officer Brogan
Officer C. Tyler
    (All employed at Pendleton Correctional Facility)

4